# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2021

Lyle W. Cayce
Clerk

No. 19-60319

Robert Noel Figueroa-Diaz,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 133 080

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before Wiener, Haynes, and Costa, *Circuit Judges*.

Per Curiam:*

Last year, this court denied a petition for review of the Board of Immigration Appeals' decision to deny Figueroa-Diaz's motion to reopen.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

*Figueroa-Diaz v. Barr*, 812 F. App'x 278 (5th Cir. July 17, 2020).[1] We did so based on our then-existing precedent holding that the stop-time rule, which stops the clock on the period of physical presence required for cancellation of removal, could be triggered by multiple documents providing the required notice for a removal hearing. *See id*. at 279 (citing *Yanez-Pena v. Barr*, 952 F.3d 239, 241 (5th Cir. 2020), *vacated sub nom. Yanez-Pena v. Garland*, No. 19-1208, 2021 WL 1725146 (U.S. May 3, 2021)). The Supreme Court has now rejected our rule, holding that a notice to appear sufficient to trigger the stop-time rule is a single document containing all the required information. *See Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021).

In this case, the Supreme Court granted the petition for writ of certiorari, vacated our prior decision, and remanded for reconsideration in light of *Niz-Chavez*. *Figueroa-Diaz v. Garland*, No. 517, 2021 WL 1725148 (U.S. May 3, 2021). As a result, this matter is REMANDED to the Board of Immigration Appeals (BIA) in accordance with the judgment of the Supreme Court. Although the government asks us to affirm on alternative grounds, we think the best course is to remand to the BIA in light of *Niz-Chavez*. We in no way limit the issues the BIA may consider on remand. The mandate shall issue forthwith.

---

[1] We also dismissed for lack of jurisdiction Figueroa-Diaz's petition seeking review of the BIA's refusal to reopen the proceedings *sua sponte*. That aspect of this petition for review is not being remanded.